UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  96-1508-CIV-MOORE

GONZALO SANZETENEA and JANETH A.
de SANZETENEA, his wife,

    Plaintiffs,

vs.

RAM AIRCRAFT CORPORATION, a foreign
corporation; TELEDYNE, INC., d/b/a
TELEDYNE CONTINENTAL MOTORS, AIRCRAFT
PRODUCTS, a foreign corporation;
TROPICAL AVIATION DISTRIBUTORS, INC.,
a Florida corporation; and PARKER-
HANNIFIN CORPORATION, a foreign
corporation,

    Defendants.

_____/

### AMENDED AND CONSOLIDATED COMPLAINT

Plaintiffs, GONZALO SANZETENEA and JANETH A. de SANZETENEA,
his wife, sue RAM AIRCRAFT CORPORATION, a foreign corporation;
TELEDYNE, INC., d/b/a TELEDYNE CONTINENTAL MOTORS, AIRCRAFT
PRODUCTS, a foreign corporation; TROPICAL AVIATION DISTRIBUTORS,
INC., a Florida corporation; and PARKER-HANNIFIN CORPORATION, a
foreign corporation, and allege:

### ALLEGATIONS AS TO ALL COUNTS

1.    This is an action for damages in excess of Seventy Five
Thousand ($75,000.00) Dollars, exclusive of interest, costs and
attorney fees and is being brought pursuant to the Florida
Negligence Act, Florida Statute, §768 et seq.

2.    This cause of action arises out of the air crash of a
Cessna 340 aircraft, Registration Number N3770C, ("subject
aircraft"), which occurred on January 21, 1995, at or near Oruro,

CASE NO.:   96-1508-CIV-MOORE

Bolivia.   The crash severely injured the Plaintiff, GONZALO SANZETENEA, ("SANZETENEA"), and all persons on board the subject aircraft.

3.   During the take-off of the flight from the airport at or near Oruro, Bolivia, the subject aircraft's left engine, Model TSI0-520-KCNB (engine Serial Number 504056), went into an insufficient power condition, which resulted from a plugged fuel injector in combination with the non-functioning aneroid within the fuel pump on the engine, (engine Serial Number 504056), causing low fuel flow and low power.   This condition, in whole or part, caused the Cessna 340, Registration Number N3770C, to crash, severely and permanently injuring the Plaintiff, GONZALO SANZETENEA.

4.   Plaintiffs, GONZALO SANZETENEA and JANETH A. de SANZETENEA, were and are residents of Bolivia, South America, and reside as husband and wife with their 12-year-old daughter.

5.   At all material times, Defendant, RAM AIRCRAFT CORPORATION, ("RAM"), is and was a foreign corporation carrying on substantial and continuous business activity in the State of Florida.

6.   At all material times, RAM is and was an entity which performs installations, maintenance and overhauls of aircraft and aircraft engines, including the subject aircraft and its engines.

7.   RAM is subject to the jurisdiction of the courts of the State of Florida pursuant to Florida Statutes, §48.193, as RAM serviced aircraft, aircraft components, and products within the

2

CASE NO.:   96-1508-CIV-MOORE

State of Florida, or which were used or consumed within the State of Florida in the ordinary course of commerce.

8.   At all material times, Defendant, TELEDYNE, INC., d/b/a TELEDYNE CONTINENTAL MOTORS, AIRCRAFT PRODUCTS, ("TELEDYNE"), was and is a foreign corporation carrying on substantial and continuous business activity in the State of Florida.

9.   At all material times, TELEDYNE was and is an aerospace manufacturer and vendor of aviation products, including the engines, used on a certain Cessna 340 aircraft, Registration Number N3770C.

10.   TELEDYNE is subject to the jurisdiction of the courts of the State of Florida pursuant to Florida Statutes, §48.193, as products, materials and things processed, serviced and manufactured by TELEDYNE were used or consumed within the State of Florida in the ordinary course of commerce.

11.   At all times material, Defendant, TROPICAL AVIATION DISTRIBUTORS, INC., ("TROPICAL"), was and is a Florida corporation, having its principal place of business in Dade County, Florida.

12.   At all material times, TROPICAL was and is a distributor and vendor of electric boost fuel pumps, such as the fuel pump used in a certain Cessna 340 aircraft, Registration Number N3770C.

13.   TROPICAL is subject to the jurisdiction of the courts of the State of Florida pursuant to Florida Statutes, §48.193, as products, materials and things processed, serviced and manufactured

3

CASE NO.:  96-1508-CIV-MOORE

by TROPICAL were used or consumed within the State of Florida in the ordinary course of commerce.

14.  At all times material, Defendant, PARKER-HANNIFIN CORPORATION, ("PARKER"), was and is a foreign corporation authorized to do business in the State of Florida.

15.  At all material times, PARKER was and is a manufacturer and vendor of aviation products, including the electric boost fuel pump, used on a certain Cessna 340 aircraft, Registration Number N3770C.

16.  PARKER is subject to the jurisdiction of the courts of the State of Florida pursuant to Florida Statutes, §48.193, as products, materials and things processed, serviced and manufactured by PARKER were used or consumed within the State of Florida in the ordinary course of commerce.

17.  The electric boost fuel pump described in this Complaint was placed into the left engine, engine Serial Number 504056, at some time following a 1993 overhaul or replacement performed by RAM of the subject engine, which was required by the FAA, and, therefore, none of the Plaintiffs' claims are precluded by the Federal Statute of Repose.

## COUNT I

### NEGLIGENCE OF RAM AIRCRAFT CORPORATION

18.  In 1993, RAM performed an FAA mandated overhaul or replacement of the subject aircraft's left engine and, during the course of the overhaul, installed the subject left engine,

4

CASE NO.:  96-1508-CIV-MOORE

including the fuel pump unit, fuel injector unit, and aneroid (used within the pump) into the subject Cessna 340 aircraft, Registration Number N3770C.

19. RAM owed a non-delegable duty to use reasonable care in the maintenance, overhaul and replacement of the subject aircraft engine, its components and systems, and to assure that the aircraft engine, its components and systems were fit and remained fit for all foreseeable uses and conditions.

20. The damages sustained by Plaintiff, GONZALO SANZETENEA, arising from the January 21, 1995, air crash, were proximately caused by the careless, negligent, reckless acts and omissions of Defendant, RAM, its agents, servants and employees, and by the wrongful breach by Defendant, RAM, its agents, servants and employees, of its continuing and non-delegable duties as follows:

> a. Failing to adequately overhaul, repair, service and replace the subject engine and engine components of the aircraft;
>
> b. Failing to inspect and modify the aircraft so as to prevent failure of the engine and engine components during flight;
>
> c. Failing to provide proper and adequate training, instruction and supervision for its flight and maintenance personnel;

5

CASE NO.: 96-1508-CIV-MOORE

    d.    Failing to provide and/or perform proper and adequate maintenance and/or repairs to the subject aircraft;

    e.    Failing to warn Plaintiff, GONZALO SANZETENEA, of the known dangerous condition of the subject aircraft; and

    f.    Knowingly and intentionally allowing the aircraft to fly with defective parts and systems.

21.  As a direct and proximate result of the negligence of Defendant, RAM, the aircraft crashed, causing the serious personal injuries of Plaintiff, GONZALO SANZETENEA, and resulting damages which are enumerated below in paragraphs 41, 42 and 43.

<strong>COUNT II</strong>

<strong>NEGLIGENCE AGAINST TELEDYNE, INC.</strong>

22.  At all material times, TELEDYNE was under a continuous, non-delegable duty to exercise reasonable care and diligence in the design, planning, construction, fabricating, manufacturing, assembling, testing, marketing and selling of certain aircraft engines which were used on the subject aircraft.

23.  At all material times, TELEDYNE was under a continuous, non-delegable duty to exercise reasonable care and diligence in the design, planning, construction, fabrication, manufacture, assembly, testing, marketing and sale of the aircraft engines used on the subject aircraft; and to develop safe and adequate standards and specifications for the engines and engine components; and, further,

6

CASE NO.:  96-1508-CIV-MOORE

to prepare and make available all necessary and adequate instructions, procedures, limitations and warnings about the operation of the engine systems and equipment so that the engines and engine components could be properly installed and/or maintained and the aircraft operated in a safe and airworthy manner so as to avoid unreasonable risk of injury or death to persons on the aircraft.

24.  The crash of a certain Cessna 340 aircraft, Registration Number N3770C, and the resulting serious personal injuries of Plaintiff, GONZALO SANZETENEA, was due to and proximately caused by the negligence, wrongful acts and/or omissions of the Defendant, TELEDYNE, as follows:

> (a)  Failing to develop safe and adequate standards for the design, planning, construction, fabrication, manufacture, assembly, and testing of the aircraft engines and components;
>
> (b)  Failing to properly and adequately test the engine and its components prior to sale;
>
> (c)  Using sub-standard parts as components of the engines which it designed, manufactured, and sold; and
>
> (d)  Failing to prepare and promulgate necessary and adequate instructions, limitations, and warnings pertaining to the installation of parts,

7

CASE NO.:  96-1508-CIV-MOORE

maintenance, use and operation of the aircraft engine and its components.

25. By reason of the foregoing, Plaintiffs have sustained compensatory damages as set forth in paragraphs 41, 42 and 43.

## COUNT III

### STRICT LIABILITY OF TELEDYNE, INC.

26. At all material times, TELEDYNE designed, manufactured, tested and sold the aircraft engines installed on the subject aircraft, all the time knowing that the equipment that it delivered would be used without testing or inspection by Plaintiff, GONZALO SANZETENEA, and other members of the general public.

27. Under the conditions then and there existing at the time of the sale, the aircraft engines, including engine components, were unfit for their intended use, unreasonably dangerous and defective in that the engines incorporated sub-standard parts and because the design omitted a proper back-up system which would prevent insufficient power and fuel flow to the subject engine. Further, the instructions, warnings and other information pertaining to the overhaul, maintenance and operation of the engines were inadequate and unreasonably dangerous, and TELEDYNE failed to give Plaintiff, GONZALO SANZETENEA, and others using the subject aircraft, adequate warning of the nature and extent of the aforesaid danger.

28. As a direct and proximate result of the defective and unreasonably dangerous condition of the aircraft engines, and the

8

CASE NO.:   96-1508-CIV-MOORE

failure of TELEDYNE to give Plaintiff, GONZALO SANZETENEA, and others, adequate warning thereof, the subject aircraft violently crashed in Bolivia, thereby proximately causing the serious personal injury of Plaintiff, GONZALO SANZETENEA, on board the subject aircraft.

29.   By reason of the foregoing, Plaintiffs have sustained compensatory damages as set forth in paragraphs 41, 42 and 43.

## COUNT IV

### STRICT LIABILITY OF TROPICAL

30.   At all material times, Defendant, TROPICAL, sold, distributed, and otherwise caused to enter into the stream of commerce, the electric boost fuel pump which was installed in the subject aircraft's engines that, in turn, were installed on the subject aircraft, all the time knowing that the equipment it sold and distributed would be used by Plaintiff, GONZALO SANZETENEA, and other members of the general public, without testing or inspection.

31.   Under the conditions then and there existing at the time of the distribution and sale, the electric boost fuel pump was unfit for its intended use, unreasonably dangerous and defective.

32.   As a direct and proximate result of the defective and unreasonably dangerous condition of the electric boost fuel pump and the failure of Defendant to give Plaintiff, GONZALO SANZETENEA, and others, adequate warning thereof, the subject aircraft violently crashed in Bolivia, thereby proximately causing the

9

CASE NO.:  96-1508-CIV-MOORE

serious personal injury of Plaintiff, GONZALO SANZETENEA, on board the subject aircraft.

33.  By reason of the foregoing, Plaintiffs have sustained compensatory damages as set forth in paragraphs 41, 42 and 43.

## COUNT V

### NEGLIGENCE AGAINST PARKER

34.  At all material times, Defendant, PARKER, was under a continuous, non-delegable duty to exercise reasonable care and diligence in the design, planning, construction, fabricating, manufacturing, assembling, testing, marketing and selling of a certain electric boost fuel pump which was used on the subject aircraft, and to prepare and make available all necessary and adequate instructions, procedures, limitations and warnings about the operation of the electric boost fuel pump so that it and the engines and engine components could be properly maintained and the aircraft operated in a safe and airworthy manner so as to avoid unreasonable risk of injury or death to persons on the aircraft.

35.  The crash of a certain Cessna 340 aircraft, Registration Number N3770C, and the resulting serious personal injuries of Plaintiff, GONZALO SANZETENEA, was due to and proximately caused by the negligence, wrongful acts and/or omissions of the Defendant, PARKER, as follows:

(a)  Failing to develop safe and adequate standards for the design, planning, construction, fabrication,

10

CASE NO.:   96-1508-CIV-MOORE

manufacture, assembly, and testing of the electric boost fuel pump;

(b)   Failing to properly and adequately test the electric boost fuel pump prior to sale;

(c)   Using sub-standard parts as components of the electric boost fuel pump which it designed, manufactured, and sold; and

(d)   Failing to prepare and promulgate necessary and adequate instructions, limitations, and warnings pertaining to the installation, maintenance, use and operation of the electric boost fuel pump.

36.   By reason of the foregoing, Plaintiffs have sustained compensatory damages as set forth in paragraphs 41, 42 and 43.

## COUNT VI

## STRICT LIABILITY OF PARKER

37.   At all material times, Defendant, PARKER, designed, manufactured, tested and sold the electric boost fuel pump installed in the subject aircraft's engine, all the time knowing that the equipment it delivered would be used without testing or inspection by Plaintiff, GONZALO SANZETENEA, and other members of the general public.

38.   Under the conditions then and there existing at the time of the sale, the electric boost fuel pump was unfit for its intended use, unreasonably dangerous and defective.

11

CASE NO.:   96-1508-CIV-MOORE

39.  As a direct and proximate result of the defective and unreasonably dangerous condition of the electric boost fuel pump, and the failure of Defendant to give Plaintiff, GONZALO SANZETENEA, and others, adequate warning thereof, the subject aircraft violently crashed in Bolivia, thereby proximately causing the serious personal injury of Plaintiff, GONZALO SANZETENEA, on board the subject aircraft.

40.  By reason of the foregoing, Plaintiffs have sustained compensatory damages as set forth in paragraphs 41, 42 and 43.

## COUNT VII

### DAMAGES SUSTAINED BY PLAINTIFFS

41.  As a direct and proximate result of the wrongful acts of the Defendants as stated throughout this Complaint, Plaintiff, GONZALO SANZETENEA, was injured in and about his body, suffered pain, incurred medical and related expenses in and about his body, suffered pain, incurred medical and related expenses in the treatment of his injuries, suffered physical handicap, mental pain, bodily injury and resulting pain and suffering, disability, loss of employment, mental anguish and loss of capacity for the enjoyment of life.  These losses are permanent and continuing and the Plaintiff, GONZALO SANZETENEA, will suffer such losses in the future.

42.  As a direct and proximate result of the wrongful acts of the Defendants as stated throughout this Complaint, Plaintiff, JANETH A. de SANZETENEA, has in the past and will in the future

12

CASE NO.:  96-1508-CIV-MOORE

suffer the loss of the services, society and consortium of her husband, GONZALO SANZETENEA.

43.  Plaintiffs seek all other damages permitted by applicable law and statutes.

WHEREFORE, Plaintiffs, GONZALO SANZETENEA and JANETH A. de SANZETENEA, his wife, demand judgment against Defendants, RAM AIRCRAFT CORPORATION, a foreign corporation; TELEDYNE, INC., d/b/a TELEDYNE CONTINENTAL MOTORS, AIRCRAFT PRODUCTS, a foreign corporation; TROPICAL AVIATION DISTRIBUTORS, INC., a foreign corporation; and PARKER-HANNIFIN CORPORATION, a foreign corporation, plus costs.

### DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial of all issues triable as of right by jury.

13

We hereby certify that a true copy of the foregoing was mailed this _30_ day of May, 1997, to all counsel on the attached Service List.

FREIDIN & ELLENBERG, P.A.
Attorneys for Plaintiffs
44 West Flagler Street
Miami, Florida 33130
Telephone:  305/371-3666
Facsimile:  305/371-6725

and

HAGGARD, PARKS & STONE, P.A.
Attorneys for Plaintiffs
330 Alhambra Circle
Coral Gables, Florida 33134
Telephone:  305/446-5700
Facsimile:  305/446-1154

By _____
ROBERT L. PARKS
FBN:   061436
JEANNETE LEWIS BOLOGNA
FBN:   987565

CASE NUMBER:  96-06288 CA 08

**SERVICE LIST:**

Philip Freidin, Esquire
Freidin & Ellenberg, P.A.
44 West Flagler Street, Suite 2500
Miami, Florida 33130

William G. Burd, Esquire
Burd, Downs & Magathan
601 Brickell Key Drive
Suite 500
Miami, Florida 33131

Howard E. Barwick, Esquire
Barwick, Dillian, Lambert & Ice, P.A.
999 Brickell Avenue, Suite 555
Miami, Florida 33131

James J. Evangelista, Esquire
Fowler White Gillen Boggs
 Villareal and Banker, P.A.
Post Office Box 1438
501 East Kennedy Boulevard, Suite 1600
Tampa, Florida 33601

Steven Wallach, Esquire
Thornton, Davis & Murray, P.A.
80 SW Eighth Street, Suite 2900
Miami, Florida 33130

Steven Marks, Esquire
Podhurst, Orseck, Josefsberg, Eaton,
Meadow, Olin & Perwin, P.A.
25 West Flagler Street, Suite 800
Miami, Florida 33130

15